UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00219-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LEANDREW SMITH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a *pro se* Emergency Motion to Effect Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(1)(B) filed by Defendant Leandrew Smith ("Smith"). See Record Document 32. Smith seeks early release due to health conditions and the COVID-19 pandemic. See id. The Federal Public Defender's Office notified the Court on July 2, 2020 that its office would not be enrolling on behalf of Smith.[1] The Government has opposed Smith's motion. See Record Document 36. Smith then filed a reply. See Record Document 37.

On October 4, 2017, Smith plead guilty before Magistrate Judge Hornsby to driving while intoxicated, fourth offense, in violation of 1 U.S.C. § 13 and La. R.S. 14:98. See

---

[1] In his reply, Smith stated, "I receive[d] 2 letters saying you all appointed me a new D.A., and I have not heard anything else." Record Document 37 at 2. On July 1, 2020, this Court entered a Standard Procedural Order outlining that all motions for compassionate release related to the COVID-19 (corona virus) would be screened by the Office of the Federal Public Defender ("FPD"). See Record Document 33. The FPD has five days to either advise the Court that it will not enroll or to file a motion to enroll or to request appointment of counsel from the Criminal Justice Act panel. Here, as stated previously, the FPD notified the Court on July 2, 2020 that its office would not be enrolling on behalf of Smith. Appointment of counsel is not required in this instance under the Criminal Justice Act. See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). The Court has reviewed the record and, to the extent Smith is requesting appointed counsel, declines to use its discretionary power to appoint counsel in this matter.

Record Documents 15 and 17. The undersigned accepted the guilty plea on October 10, 207. See Record Document 19. Smith was sentenced on February 28, 2018 to 12 years. See Record Documents 24 and 27. The Court suspended two years of the sentence. See id. He is presently serving his sentence at the FCI Oakdale I.

In his motion, Smith seeks compassionate release due to the COVID-19 pandemic, stating it is impossible to social distance and that preventative measures are dismal at best. See Record Document 32 at 1. He cites his underlying medical conditions, including a heart condition, high blood pressure, chronic bronchitis, and asthma as bases for his release. See id. In his reply, filed on September 17, 2020, Smith states that the doctor at Oakdale FCI I has diagnosed him with leukemia. See Record Document 37 at 2.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

- (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

- (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

- (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Smith moves to modify his sentence under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(1)(B). Smith has not set forth any argument or basis for relief under Section

3582(c)(1)(B).  Thus, the Court will assume he is proceeding under Section 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions.  In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A).  The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule.  See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory.").  The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility." 18 U.S.C. § 3582(c)(1)(A). The statute sets forth no exceptions to this mandatory statutory exhaustion requirement. Recently, the Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." Franco, 2020 WL 5249369 at *3.

Here, Smith states that he "was denied BOP home confinement." Record Document 32 at 1. He has submitted no documentation to support this contention. Notwithstanding, an administrative request for home confinement and an administrative request for compassionate release are separate and distinct. A request to BOP for home confinement does not satisfy the mandatory requirement set forth in Section 3582(c)(1)(A). In his reply, Smith states that he filed a motion for compassionate release on June 26, 2020. Yet, again, he has submitted no documentation to support this contention. While the Court is sympathetic to Smith's health conditions and is acutely aware of the effects of the COVID-19 pandemic and the risk at all BOP facilities, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Smith's failure to exhaust his administrative remedies or to waive the 30-day waiting period. See Franco, 2020 WL 5249369. Smith must first present his request to BOP and/or present this Court with documentation of such request. At this time, the Court does not have authority to grant the relief Smith requests.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Smith's *pro se* Emergency Motion to Effect Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(1)(B) (Record Document 32) be and is hereby **DENIED WITHOUT PREJUDICE**. He has failed to exhaust his

administrative remedies as required by the statute. Smith may re-file his motion once he has achieved one of the two avenues for exhaustion under Section 3582(c)(1)(A).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of September, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT