UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00219 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LEANDREW SMITH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Leandrew Smith's ("Smith") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). See Record Document 39. Smith supplemented his motion with several filings. See Record Documents 42-44. The Government has opposed Smith's motion. See Record Document 41. For the reasons set forth below, Smith's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On October 4, 2017, Smith pled guilty before Magistrate Judge Hornsby to one count of driving while intoxicated, fourth offense. See Record Documents 15 & 17. On October 5, 2017, Magistrate Judge Hornsby issued a Report and Recommendation on the Guilty Plea, which was adopted by the undersigned on October 10, 2017. See Record Documents 18 & 19. On February 28, 2018, the Court sentenced Smith to twelve years with two years of the sentence suspended. See Record Documents 24, 27, & 28.

According to the written factual basis and the Presentence Investigation Report ("PSR"), Smith drove his Oldsmobile down Shreveport Barksdale Boulevard on the evening of May 20, 2017. See Record Document 17-2; PSR at ¶¶ 7-13. Smith proceeded to guide his vehicle onto Barksdale Air Force Base through several security bollards blocking the East Gate. See id. Military Police watched the vehicle go airborne during

this process. See id. A blood alcohol concentration test performed later that night registered at .295%, over three and a half times the legal limit. See id.

Smith is currently incarcerated at Oakdale I FCI. His projected release date is February 19, 2026.

## LAW AND ANALYSIS

Smith seeks compassionate release due to his underlying medical conditions, namely large cell granular leucocytic leukemia, a heart condition, high blood pressure, chronic bronchitis, COPD, and asthma. See Record Documents 39, 43, & 44. He argues that these conditions make him particularly vulnerable to becoming seriously ill from COVID-19 should he contract the disease in prison. See id. Smith asks the Court to grant his motion because he "does not want to die behind a DUI conviction." Record Document 39 at 2.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Smith moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and

2

compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Smith has now exhausted his administrative remedies and the Court will proceed to the merits.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Smith's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted

examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021).

The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of

4

showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have previously constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

As stated previously, Smith cites his underlying medical conditions of large cell granular leucocytic leukemia, a heart condition, high blood pressure, chronic bronchitis, COPD, and asthma as the grounds for compassionate release. The Government has conceded Smith has health conditions – COPD and large cell granular leucocytic leukemia – recognized by the CDC as COVID-19 risk factors, thus comprising "extraordinary and compelling reason[s]" as that term is defined for purposes of 18 U.S.C. § 3582(c)(1)(A). See Record Document 41 at 8. However, Smith has been fully vaccinated against COVID-19. See Record Document 46 (sealed) at 1. According to the Centers for Disease Control and Prevention, the COVID-19 vaccines available in the United States are highly effective at preventing COVID-19 and may also reduce the risk of serious illness in the case of a COVID-19 infection. See Benefits of Getting a COVID-19 Vaccine, Centers for Disease Control and Prevention, medical conditions, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited

September 23, 2021). Thus, even with his serious medical conditions, there is no extraordinary and compelling reason supporting compassionate release in light of Smith's vaccination status. See generally U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021); U.S. v. Jones, No. 14-154, 2021 WL 1172537 (E.D. La. 03/29/2021); U.S. v. White, No. 11-287, 2021 WL 3021933 (W.D. La. 07/16/2021).

Additionally, this Court finds that granting compassionate release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of Smith's offense and his history and characteristics disfavor release. He was driving while intoxicated and wrecked his vehicle in the front gate of Barksdale Air Force Base, going airborne in the process. His blood alcohol content was .295%, over three and a half times the legal limit to operate a motor vehicle in Louisiana. Moreover, Smith's behavior appears to be routine conduct, as he had been arrested and convicted of Driving While under the Influence four times before the instant offense. See PSR at ¶¶ 26, 30, 37, & 41. In connection with the 2002 arrest and conviction for Driving While under the Influence, Smith struck a school bus. See id. at ¶ 30. Another Driving While under the Influence arrest in 2015 was plead down to driving under suspension and open container. See id. at ¶ 45. Smith has two other convictions for driving his vehicle with an open container. See id. at ¶¶ 27 & 34.

Smith's criminal history evidences extremely dangerous behavior, not only to himself but also to members of the community. He has failed to change his behavior and despite his statements to the contrary in recent filings, this Court is unconvinced that Smith has been rehabilitated. Thus, to release Smith at this time would not constitute just punishment, would not reflect the seriousness of the offense, would not promote respect

6

for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

## CONCLUSION

Based on the foregoing reasons, Smith's Motion for Compassionate Release (Record Document 39) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of November, 2021.

*[signature]*

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT